UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW MILLIGAN,

    Plaintiff,

v.                           Case No: 2:20-cv-403-FtM-29MRM

KEVIN RAMBOSK, in his
official capacity as Sheriff
of Collier County, Florida,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion in Limine (Doc. #47), filed on March 4, 2022. Plaintiff filed a Response in Opposition (Doc. #58) on March 21, 2022. For the reasons set forth below, the motion is denied.

The parties are well-acquainted with the facts of this case, as set forth in the Joint Final Pretrial Statement (Doc. #50) and the Court's recent Opinion and Order denying defendant Sheriff Kevin J. Rambosk's motion for summary judgment. (Doc. #41.) Plaintiff Matthew Milligan, who has Ataxic Cerebral Palsy (ACP) and Paroxysmal Kinesigenic Dyskinesia (PKD), asserts that defendant Keven Rambosk, in his official capacity as Sheriff of Collier County, engaged in employment discrimination against him in violation of the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act of 1992 (FCRA). (Doc. #50, p. 2.)

Defendant now moves to exclude evidence that he anticipates Plaintiff will introduce at the trial scheduled in this matter on April 11, 2022.

**I.**

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." Id. "A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." McHale v. Crown Equip. Corp., No. 8:19-cv-707-VMC-SPF, 2021 WL 4527509, at *1, at *3 (M.D. Fla. Oct. 1, 2021) (citing LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)). "Nor may a party use a motion in limine to sterilize the other party's presentation of the case." Harris v. Wingo, No. 2:18-CV-17-FTM-29MRM, 2021 WL 5028201, at *1 (M.D. Fla. Oct. 29, 2021) (cleaned up). Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district

> judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42. "A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence," Harris, 2021 WL 5028201, at *1, and does not preserve an issue for appellate review. United States v. Gari, 572 F.3d 1352, 1356 n.2 (11th Cir. 2009).

## II.

Defendant seeks to preclude certain evidence from being introduced at trial, arguing it is irrelevant, or is unfairly prejudicial or may confuse and mislead the jury. (Doc. #47, p. 2.) In particular, Defendant requests that the Court exclude the following: (1) Plaintiff's lack of spams after he resigned from employment with CCSO; (2) Comments made by Corporal Michael Sweely to Plaintiff on the morning of March 30, 2019; (3) Opinion testimony from Dr. Osterman as to whether Plaintiff can perform the essential functions of a CCSO deputy sheriff; and (4) speculative hypotheticals about unidentified deputies who could experience medical conditions while on the job. (Id.)

The Court will address Defendant's arguments in turn.

**(1) Plaintiff's Lack of Spams Post-CCSO Employment**

Defendant argues that because the relevant time for assessing disability discrimination claims is the time of the alleged discriminatory act, any evidence relating to Plaintiff's lack of

PKD spams after his CCSO employment is irrelevant and should be excluded. Defendant maintains that such evidence constitutes irrelevant hindsight evidence and may be unfairly prejudicial under Rule 403. (Doc. #47, pp. 4-6.) Plaintiff responds that his proposed testimony, that he has not experienced PKD spams since taking Cabatrol on May 8, 2019 is relevant, and is not confusing, misleading, or unduly prejudicial. Plaintiff argues that this testimony and/or evidence directly relates to whether Plaintiff was a qualified individual, and not a direct threat, which is an issue the jury must decide. The Court agrees with Plaintiff.

Defendant has argued that Plaintiff does not qualify for ADA protections because he is not a qualified individual since he posed a direct threat to his safety and the safety of others in light of his PKD-induced spasms. Determining whether Plaintiff poses a direct threat includes consideration of (1) the duration of the risk; (2) the nature and severity of the potential harm; (3) the likelihood that the potential harm will occur; and (4) the imminence of the potential harm. Chevron U.S.A. Inc. v. Echazabal, 536 U.S. 73, 86 (2002) (quoting 29 C.F.R. § 1630.2(r)). In his motion in limine, Defendant states that the Sheriff's Office was aware that Plaintiff was taking medication for his PKD, which at most, had "uncertain potential" to control his spasms. (Doc. #47, p. 5.) Testimony or evidence that contradicts Defendant's position that Plaintiff was a direct threat, and demonstrates that his PKD

4

spasms were not likely to occur, nor was harm imminent, is relevant to Plaintiff's ADA claim and goes to factual disputes that may only be resolved by a jury.

The Court is also unconvinced by Defendant's alternative argument that such evidence would be unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. (Doc. #47, pp. 6-7.) The lack of PKD spasms is directly related to whether Plaintiff was a qualified individual or whether Plaintiff posed a direct threat to himself and others. Accordingly, the probative value of the evidence outweighs the risk of prejudice, and the evidence is admissible. See United States v. Norton, 867 F.2d 1354, 1361 (11th Cir. 1989) ("Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence. The balance under the Rule, therefore, should be struck in favor of admissibility." (marks and citations omitted)).

**(2)  Corporal Sweely's March 30, 2019 Comments**

Defendant seeks to exclude comments made by Corporal Michael Sweely on the morning of March 30, 2019, regarding Plaintiff's physical fitness and coordination. (Doc. #47, p. 7.) Defendant argues that Plaintiff seeks to admit this evidence for the sole purpose of attributing discriminatory intent on behalf of Defendant, but Corporal Sweely was not a decision-maker, nor was he involved in Defendant's employment decisions. (Id., p. 8.)

Defendant therefore asserts that Corporal Sweely's statements would confuse the jury and should be excluded under Federal Rule of Evidence 403. (Id., p. 9.)

Plaintiff, on the other hand, asserts that under Rule 608(b) Corporal Sweely's statements are admissible for impeachment purposes to demonstrate bias. (Doc. #58, p. 6.) Plaintiff maintains that Corporal Sweely was the present during the March 30, 2019 incident that led to Plaintiff's removal from the deputy position, and that there is a dispute about the facts and context of this incident. (Id., p. 5.) Plaintiff notes that Corporal Sweely's incident report was also sent to Dr. Wolff, who considered and summarized the report in his fitness for duty evaluation. (Id.) According to Plaintiff, he does not intend to offer any statements from Corporal Sweely as evidence of discriminatory intent, rather he believes that statements about Plaintiff's fitness and coordination, as well as Corporal Sweely's March 30, 2019 incident report, address whether the Sheriff relied upon the "best available objective evidence" in determining that Plaintiff was not fit for duty and posed a direct threat. (Id.)

Corporal Sweely's March 2019 incident report is relevant to the case, as it was considered by Dr. Wolff and summarized in his fitness for duty evaluation. There are factual disputes that remain as to what occurred during the March 30, 2019, that are not properly resolved by Defendant's motion. See Burkhart v. R.J.

Reynolds Tobacco Co., 2014 U.S. Dist. LEXIS 200593, 2014 WL 12617550, *4 (M.D. Fla. Apr. 30, 2014) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence."). With regard to any statements made by Corporal Sweely concerning Plaintiff's fitness and coordination, extrinsic evidence for impeachment purposes such as bias would be permissible under Rule 608(b). Abousharkh v. Jenkins Nissan, Inc., No. 8:20-cv-1036-VMC-AEP, 2021 U.S. Dist. LEXIS 177221, at *5 (M.D. Fla. Sep. 17, 2021) (citing United States v. Taylor, 426 F. App'x 702, 705 (11th Cir. 2011)("Rule 608(b) provides that a party may not introduce extrinsic evidence to attack a witness's character for truthfulness. The rule does not, however, prohibit a party from using extrinsic evidence for other impeachment purposes, such as to show bias . . . .")). This portion of Defendant's motion is denied, but Defendant may re-raise this issue at trial. See Burkhart, 2014 WL 12617550, at *4 ("Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." (citation omitted)).

    **(3) Dr. Osterman's Opinion Testimony**

Defendant seeks to exclude opinion testimony from Dr. John Osterman, Plaintiff's treating physician, about whether Plaintiff was able to perform the essential functions of a CCSO road patrol

7

deputy. Defendant argues such testimony is improper and impermissible because Dr. Osterman never evaluated Plaintiff regarding his ability to perform the essential functions of the CCSO deputy position. Defendant also requests that the Court exclude Dr. Osterman's June 2018 evaluation for a Customs and Border Protection Officer position as it is irrelevant and inadmissible. (Doc. #47, pp. 9-11.) Plaintiff opposes Defendant's motion, arguing it is premature and should be reserved for trial as Dr. Osterman may lay appropriate foundation for his knowledge and provide testimony allowed by a treating physician. (Doc. #58, p. 7.)

The Court agrees with Plaintiff that it would be premature to exclude such evidence on a motion in limine. According to the parties' Joint Pretrial Statement, Dr. Osterman may be called as a lay witness during the trial. A treating physician may offer lay testimony about the treatment of the party, and may provide opinion testimony "based on his experience as a physician and [when it is] clearly helpful to an understanding of his decision making process in the situation." Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1317-18 (11th Cir. 2011)(citations omitted). The exact boundaries of proper lay witness testimony will have to be addressed at trial by way of specific objections to specific testimony. See Torres v. First Transit, Inc., No. 17-cv-81162-BLOOM/Reinhart, 2018 U.S. Dist. LEXIS 131565, at *9 (S.D. Fla.

Aug. 6, 2018) (noting that "[t]he exact boundaries of [a] . . . physician's testimony may need to be addressed with specific objections to specific testimony in the context of trial".).

The Court also declines to exclude Dr. Osterman's 2018 evaluation. In determining Plaintiff was not fit for duty as a road patrol deputy and posed a direct threat, Defendant relied upon Dr. Wolff's medical opinion stating the same. In reaching his medical opinion, however, Dr. Wolff reviewed Dr. Osterman's 2018 evaluation and summarized it in his fitness for duty report. Thus, Dr. Osterman's 2018 evaluation is relevant to the instant case as it bears on whether Plaintiff posed a direct threat and whether the Sheriff relied upon the best available objective evidence in determining Plaintiff was unfit for duty, both of which are factual disputes to be resolved by the jury. Defendant's motion to exclude Dr. Osterman's testimony is therefore denied. See Burkhart, 2014 WL 12617550, *4.

### (4) Speculative Hypotheticals

Finally, Defendant seeks to prevent Plaintiff from referring to hypothetical scenarios regarding unidentified deputies, who theoretically could suffer a medical event while on the job, in an effort to undermine the Sheriff's Office's concern about Plaintiff's fitness for duty as a road patrol deputy. (Doc. #47, p. 11.) Defendant argues that Plaintiff's PKD spasms actually occurred when he was driving a patrol car, and thus the Sheriff

9

was not faced with a speculative situation when determining whether Plaintiff posed a direct threat to the safety of himself and others. (Id., pp. 11-13.) Defendant maintains that introduction of any such hypotheticals will only serve to mislead the jury to impermissibly draw comparisons between Plaintiff and hypotheticals. (Id., p. 13.)

In response, Plaintiff argues that while he does not intend to offer evidence of other deputy sheriffs suffering from medical conditions, he should be given leeway to question the lack of "guarantees" for a number of medical conditions (i.e., diabetic attack, heart attack, stroke, or heart disease) suffered by deputy sheriffs that may occur while driving patrol vehicles or performing law enforcement duties. Plaintiff contends that such testimony will assist the jury in determining whether Plaintiff posed a direct threat, and whether the Sheriff's decision to remove Plaintiff from his position as a deputy was itself speculative. (Doc. #58, pp. 7-8, citing EEOC v. Browning-Ferris, Inc., 262 F. Supp. 2d 577, 587 (D. Md. 2002) (An employer may not "deny an employment opportunity to an individual with a disability merely because of a slightly increased risk. The risk can only be considered when it poses a significant risk, i.e., high probability, of substantial harm; a speculative or remote risk is insufficient.")).

The Court declines to grant Defendant's motion to exclude hypothetical evidence.  It is unclear at this point whether there is any danger that this issue will arise at trial, and therefore, preemptive rulings might needlessly restrict legitimate evidence and argument. See Wilson as Trustee of Peter J. Rodrigues Irrevocable Life Ins. Trust v. Jackson Nat. Life Ins. Co., No. 3:15-cv-926-J-39JBT, 2018 WL 4956738, at *1 (S.D. Fla. Feb. 2, 2018) (motions in limine "should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial"). The Court will withhold considering any such matter until it is necessary to do so at trial upon proper and timely objection. See United States v. Gonzalez, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) ("Unless evidence meets [the] high standard" of being "clearly inadmissible," "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.").

Accordingly, it is now

**ORDERED:**

Defendant's Motion in Limine (Doc. #47) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of March, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of record