UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW MILLIGAN,

      Plaintiff,

v.                    Case No: 2:20-cv-403-FtM-29MRM

KEVIN RAMBOSK, in his
official capacity as Sheriff
of Collier County, Florida,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of defendant's Motion For Reconsideration (Doc. #46), filed on March 3, 2022. Plaintiff filed a Response in Opposition (Doc. #57) on March 21, 2022.

**I.**

Plaintiff Matthew Milligan (Plaintiff) has Ataxic Cerebral Palsy (ACP) and Paroxysmal Kinesigenic Dyskinesia (PKD). Plaintiff alleges that he was employed by Collier County Sheriff's Office (CCSO) as a road patrol deputy until May 9, 2019, when defendant terminated his appointment as a deputy because of his ACP and PKD. (Doc. #1, ¶¶ 8-9, 40-41, 53, 56, 64-65.) On June 4, 2020, Plaintiff filed a three-count Complaint against Kevin Rambosk (Defendant or the Sheriff), in his official capacity as Sheriff of Collier County, Florida, alleging the Sheriff

unlawfully discriminated against him in violation of the American Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (Count I) and the Florida Civil Rights Act of 1992 (FCRA) (Count III), and failed to reasonably accommodate his disability pursuant to the ADA (Count II).  (Id., pp. 10-16.)

On October 26, 2021, Defendant filed a motion for summary judgment, in which the Sheriff argued that Plaintiff could not establish a prima facie case of disability discrimination pursuant to the ADA or FCRA, or that he was denied a reasonable accommodation in violation of the ADA.  (Doc. #23, p. 2.) Specifically, Defendant argued among other things that Plaintiff could not establish that he was disabled under the ADA or FCRA. (Doc. #23, p. 12.) Defendant also argued that Plaintiff never made a specific request for a reasonable accommodation, and even if he did – any request for an accommodation was not reasonable. (Id., pp. 21-25.) Defendant therefore asserted that he was entitled to summary judgment on all claims.  (Doc. #23, p. 3.)

On February 24, 2022, the Court issued an Opinion and Order (Doc. #41) denying Defendant's Motion for Summary Judgment.  With respect to whether Plaintiff's ACP and PKD qualified as a "disability," the Court found that a reasonable jury could conclude that Plaintiff's ACP and PKD were disabilities which substantially limits a major life activity as compared to the general population (i.e., was an actual disability), and that Defendant regarded

Plaintiff as being disabled when the Sheriff terminated Plaintiff's law enforcement position in the belief that Plaintiff's PKD muscle spasms or ACP made him a direct threat to safety. (Id., pp. 15-17.) The Court therefore concluded that Plaintiff had established he was "disabled" under the ADA and FCRA for summary judgment purposes. (Id.) The Court also considered Defendant's argument that Plaintiff did not make a specific request for a reasonable accommodation and no reasonable accommodation existed. (Id., pp. 27-30.) The Court found that while Plaintiff did not identify a specific accommodation, Plaintiff did request "any reasonable accommodation," which a reasonable fact-finder could find was sufficient to show that the Sheriff knew of Plaintiff's desire for an accommodation. (Id., p. 28.) Finally, the Court concluded that there was no record evidence showing that the Sheriff responded in an open, interactive process to Plaintiff's accommodation request, and that a jury could find that the Sheriff failed to provide a reasonable accommodation. (Id., p. 30.) The Court denied summary judgment as to all of Plaintiff's claims. (Id., p. 31.)

Defendant now requests that the Court reconsider its Opinion and Order denying summary judgment to correct clear error and/or to prevent manifest injustice on two specific grounds: (1) the Court did not apprehend (or disregarded) CCSO's position that it reasonably accommodated Plaintiff, and (2) and that Plaintiff's

PKD is not an actual disability, only a "regarded as" disability. (Doc. #46, pp. 1-2.)

For the reasons set forth below, the motion to reconsider is denied.

**II.**

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration is within the sound discretion of the trial court and may be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). "The courts have delineated three major grounds justifying reconsideration of such a decision: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1073 (M.D. Fla. 1993); PaineWebber, 902 F. Supp. at 1521. "When issues have been

carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. <u>Taylor Woodrow</u>, 814 F. Supp. at 1072-73.

"A motion for reconsideration does not provide an opportunity to simply reargue - or argue for the first time - an issue the Court has already determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." <u>Grey Oaks Cty. Club, Inc. v. Zurich Am. Ins. Co.</u>, No. 2:18-cv-639-FtM-99NPM, 2019 U.S. Dist. LEXIS 161559, at *5 (M.D. Fla. Sep. 23, 2019) (citing <u>Quaker Alloy Casting Co. v. Gulfco Indus., Inc.</u>, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (quotations omitted)). Reconsideration of a court's order "is an extraordinary remedy and a power to be 'used sparingly,'" <u>Santamaria v. Carrington Mortg. Servs., LLC</u>, 2019 U.S. Dist. LEXIS 129682, 2019 WL 3537150, *2 (M.D. Fla. July 10, 2019) (citation omitted), with the burden "upon the movant to establish the extraordinary circumstances supporting reconsideration." <u>Mannings v. Sch. Bd. of Hillsborough Cnty., Fla.</u>, 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

**III.**

**A. Reasonable Accommodation**

In his Motion For Reconsideration, Defendant argues that the Court committed clear error that warrants reconsideration because it did not apprehend (or disregarded) CCSO's position that it reasonably accommodated Plaintiff by reassigning him to a non-sworn position, and instead, incorrectly mischaracterized Plaintiff's reassignment as a termination preceded by CCSO's failure to engage in the interactive process. (Doc. #46 pp. 1-2.) Defendant maintains that CCSO reasonably accommodated Plaintiff by reassigning him to a different position, and cites to various cases that purportedly recognize job reassignment as a "reasonable accommodation." (Id., pp. 4-6.) Defendant therefore concludes that the Court's findings warrant reconsideration. (Id., p. 2.)

Plaintiff responds that the Court's finding that the Sheriff terminated Plaintiff from his employment as a certified law enforcement officer is supported by record citations and is not grounds for reconsideration because it amounts to "simply a point of disagreement," not manifest error. (Doc. #57, p. 3.) The Court agrees. In the Opinion and Order, the Court considered record evidence in reaching this conclusion, including CCSO Human Resources Director Darlyn Estes's testimony, which states:

> Q. Well, you believe that because of this impairment that [Plaintiff] was not fit for duty as a law enforcement officer, and you

terminated that appointment; is it a fair statement?

**A. Yes.**

(Doc. #23, p. 22.) While Defendant may argue that it did not terminate Plaintiff's employment as a law enforcement officer (i.e., road patrol deputy), a reasonable jury could find otherwise. Mere disagreement with the Court's conclusions is not enough to warrant reconsideration. See Linet Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (affirming denial of reconsideration where plaintiff merely "disagreed with the district court's treatment of certain facts and its legal conclusions"). Nothing in Defendant's motion alters the Court's conclusion in this regard, let alone evinces clear error.

As to Defendant's argument that Court did not apprehend or disregarded CCSO's position that it reasonably accommodated Plaintiff by reassigning him to a non-sworn position, it is a new argument that was not raised in Defendant's motion for summary judgment. See (Doc. #23, pp. 21-25; Doc. #41, pp. 25-30.) On summary judgment, the Sheriff argued that Plaintiff did not make a direct and specific request for an accommodation, and that Plaintiff's argument — that the Sheriff failed to engage in the interactive process - had no merit. (Doc. #23, pp. 22-24.) In sum, Defendant argued that CCSO could not be liable because he considered Plaintiff's accommodation request and concluded no

7

reasonable accommodation existed.[1] (Id., p. 24.) Motions for reconsideration "cannot be used to . . . raise argument or present evidence that could have been raised prior to the entry of judgment. This prohibition includes new arguments that were previously available, but not pressed." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009); see also CC-Aventura, Inc. v. Weitz Co., LLC, CASE NO. 06-21598-CIV-HUCK/O'SULLIVAN, 2009 WL 10668319, at *2 n.1 (S.D. Fla. Mar. 17, 2009) (declining to address new argument in reconsideration motion because it was "available to, but not raised by" the party seeking reconsideration prior to judgment).

Because Defendant fails to explain why the Court's conclusions as to a reasonable accommodation amounts to a "clear error or manifest injustice," and instead recycles arguments already made before the Court and raises a new argument that should have been raised earlier, the Court declines to disturb its prior Opinion and Order denying Defendant's motion for summary judgment.

---

[1] In his Reply, in support of summary judgment, Defendant briefly discussed Plaintiff's "reassignment" and whether that constituted a reasonable accommodation. (Doc. #40, p. 10.) A party, however, cannot raise new arguments in support of summary judgment for the first time in a reply brief. WBY, Inc. v. DeKalb Cnty., 695 F. App'x 486, 491-92 (11th Cir. 2017) (citing Herring v. Secretary, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005)).

**B. PKD As An "Actual Disability"**

Next, the Sheriff argues that the Court's finding, that Plaintiff's PKD constitutes an "actual disability," cannot be reconciled with the parties' agreement that Plaintiff's "PKD does not substantially impede Plaintiff's ability to perform any life function," and therefore constitutes manifest error of the law. (Doc. #46, pp. 2, 7; Doc. #41, p. 4.)

Although the parties may have agreed that the PKD did not impede any life function, they patently disagreed whether, as a matter of law, Plaintiff's ACP and PKD constituted a "disability" under the ADA and FCRA. The record on summary judgment demonstrates Plaintiff argued that his ACP and PKD substantially limited one or more of his major life activities, namely that "both ACP and PKD 'are neurological and substantially limit brain function,'" whereas the Sheriff (who cited to pre-ADAAA cases)[2] argued that no record evidence showed Plaintiff is substantially limited in a major life activity because "Plaintiff has unequivocally maintained that his medical conditions do not substantially impact any major life function." (Doc. #23, p. 13;

---

[2] On summary judgment, the Court noted that "[a]ny pre-amendment ADA case thus applies a defunct standard for defining disability under § 12102, so a court must always assess whether the ADAAA undercuts the case's reasoning before relying on it." See (Doc. #41, p. 14 n.2, citing Felix v. Key Largo Mgmt. Corp., No. 21-10381, 2021 WL 5037570, at *2 (11th Cir. Oct. 29, 2021)).

Doc. #32, p. 15; Doc. #41, pp. 11-12.)  In Reply, the Sheriff asserted that Plaintiff's PKD was not neurological and nor did it limit brain function.  The Sheriff argued he was entitled to summary judgment because Plaintiff could not establish that he had a "disability." (Doc. #23, pp. 12-15; Doc. #41, p. 11.)

Upon careful consideration of post-ADAAA law, the parties' arguments, and record evidence, the Court reasoned that

> Not every impairment, however, will constitute a disability under the ADA.  29 C.F.R. § 1630.2(j).  The ADAAA provides that the term "substantially limits" "is not meant to be a demanding standard," but rather "shall be construed broadly in favor of expansive coverage." 29 C.F.R. § 1630.2(j)(1)(i).  The term "substantially limits" is "interpreted and applied to require a degree of functional limitation that is lower than the standard for 'substantially limits' applied prior to the ADAAA." 29 C.F.R. § 1630.2(j)(1)(iv).  "An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." § 1630.2(j)(1)(ii).  Rather, Plaintiff must be substantially limited in a major life activity "as compared to most people in the general population." Munoz v. Selig Enters., 981 F.3d 1265, 1272 (11th Cir. 2020) (quoting 29 C.F.R. § 1630.2(j)(1)(ii)). Here, both ACP and PKD constitute a substantial limitation "as compared to most people in the general population."

(Doc. #41, pp. 13-14.) The Court further found that concerning major life functions:

> The regulations recognize that certain types of impairments will be found, in virtually all cases, to constitute a "disability" under the ADA. § 1630.2(j)(3)(ii).  The regulations explain that "[g]iven their inherent nature, these types of impairments will, as a factual matter, virtually always be found to impose a substantial limitation on a major life activity" and therefore should demand only a "simple and

straightforward" assessment. Id. For example, the
regulations state that it "should easily be concluded"
that ". . . cerebral palsy substantially limits brain
function . . . ." § 1630.2(j)(3)(iii).

Here, Plaintiff has testified that his ACP affects his
speech and his writing, in that his speech is "a little
more jagged" and it takes him a lot longer to write than
most people. (Doc. #23-2, p. 85.) As mentioned above,
speaking and communicating are both major life
functions. Viewing the evidence and reasonable
inferences in a light most favorable to Plaintiff, the
Court finds that a reasonable jury could conclude that
Plaintiff has ACP and PKD which substantially limits a
major life activity as compared to most people in the
general population. Therefore, Plaintiff has
established a "disability" for summary judgment
purposes.

(Id., pp. 14-15.)

"While a party may seek to correct clear errors in a motion

for reconsideration, [a]n error is not clear and obvious if the

legal issues are at least arguable." Quality of Life, Corp. v.

City of Margate, No. 17-cv-61894, 2019 U.S. Dist. LEXIS 7029, at

*5-6 (S.D. Fla. Jan. 15, 2019) (citing Leonard v. Astrue, 487 F.

Supp. 2d 1333, 1341 (M.D. Fla. 2007). Though Defendant may

disagree whether Plaintiff, as a matter of law, is "actually

disabled" under the ADA and FCRA, it does not establish that the

Court's Order was clearly erroneous. See, e.g., San Martin v.

McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011) (In most

circumstances, "clear error" means that "the record lacks

substantial evidence" to support a particular finding); Ledford

v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600,

632 (11th Cir. 2016) (noting that the "clearly erroneous standard is 'very deferential'" and "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.").

Finally, Defendant argues that because Plaintiff's PKD may only meet the definition of "disability" under the "regarded as" prong (and not the "actual disability" prong), the Court's pretext analysis is based on manifest error of the law.  (Doc. #46, p. 7.) For the reasons discussed above, Defendant's argument is a moot point.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Reconsideration (Doc. #46) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   29th   day of March, 2022.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record