UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW MILLIGAN,

     Plaintiff,

v.                              Case No.: 2:20-cv-403-JES-KCD

KEVIN J. RAMBOSK,

     Defendant.

_____

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Matthew Milligan's Motion to Review Clerk's Bill of Costs. (Doc. 81.)[1] Defendant Kevin Rambosk has filed a response (Doc. 82), making this matter ripe for review. It is recommended that Milligan's motion be granted in part and denied in part.

### I. Background

Milligan is a former deputy with the Collier County Sheriff's Office. After his firing, he sued alleging unlawful discrimination under a host of federal statutes. The case proceeded to trial where Defendant Kevin Rambosk, who is the Sheriff of Collier County, won.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

As the prevailing party, Sheriff Rambosk moved to tax his costs against Milligan. Consistent with Fed. R. Civ. P. 54, Sheriff Rambosk filed a verified bill of costs that the Clerk entered as a judgment. (Doc. 80.) Milligan now seeks to set aside a portion of the Clerk's judgment. (Doc. 81.)

At issue is a charge for copying Milligan's medical records. In his bill of costs, Sheriff Rambosk requested reimbursement for $1,813.50 spent to copy 279 pages of medical records from Dr. John Osterman. According to Milligan, this charge should not be taxed because "the records were not necessarily obtained for use in the case, and the charges were excessive and in violation of Florida law."[2] (Doc. 81 at 1.)

## II. Legal Standard

The prevailing party in a civil case, such as here, is presumptively entitled to recover costs under Federal Rule of Civil Procedure 54. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). But this presumption comes with several caveats. Recoverable costs are limited to the items in 28 U.S.C. § 1920 and related statutes. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). And even if recoverable, Rule 54 allows federal courts discretion to refuse costs that are unreasonable

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

or improper. *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985). Boiled down, Rule 54 does not permit a winning litigant to seek "every expense he has seen fit to incur in the conduct of his case." *TA Chen Int'l, Inc. v. Benada Aluminum Prod., LLC*, No. 6:20-cv-659-PGB-EJK, 2021 WL 7542044, at *1 (M.D. Fla. June 1, 2021).

### III. Analysis

The parties agree that costs incurred to photocopy medical records are generally recoverable under Rule 54. (Doc. 81 at 1-2.) According to Milligan, however, this general rule is inappropriate here because Dr. Osterman's medical records were not "necessarily obtained for use in the case." (Id. at 1.)

Milligan is correct that copying costs are constrained by a necessity requirement—"Photocop[ies] are considered a taxable cost . . . if they are necessarily obtained for use in the case." *Air Turbine Tech., Inc. v. Atlas Copco AB*, No. 01-8288-CIV, 2008 WL 544731, at *4 (S.D. Fla. Feb. 26, 2008). Where his argument falls short is the application of this principle.

The Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). The Court has little trouble concluding that Sheriff Rambosk meets this standard. Some additional context is helpful here. Milligan's discrimination claims stem from two alleged physical

disabilities: Ataxic Cerebral Palsy and Paroxysmal Kinesigenic Dyskinesia.

(Doc. 61 at 3-4.) Dr. Osterman was Milligan's treating physician and diagnosed him with at least one of these conditions. Dr. Osterman also later cleared Milligan to work as a deputy, which contradicted Sheriff Rambosk's assessment that Milligan was not fit for duty. (Id. at 19-20.) Against this backdrop, the relevance of Dr. Osterman's medical file should be obvious. Sheriff Rambosk could seek Dr. Osterman's records to vet Milligan's claimed disabilities and pursue possible defenses.

Although not clear, Milligan appears to claim that subpoenaing Dr. Osterman's records was unnecessary because only two pages were submitted at trial. (Doc. 81 at 2.) This argument (if it is being made) misconstrues the inquiry. It is not necessary that photocopies be used at trial or in any papers filed with the court to be taxable. The focus is on the need of the prevailing party throughout the case. *See W&O, Inc.*, 213 F.3d at 623 ("Copies attributable to discovery are a category of copies recoverable under § 1920(4)." Also, the fact that Milligan provided Dr. Osterman's records that were eventually admitted at trial does not change the analysis. (Doc. 81 at 2 (suggesting it was unnecessary to copy Dr. Osterman's records because part of his file was exchanged in discovery).) Given Dr. Osterman diagnosed and treated Milligan's disability, Sheriff Rambosk could seek his entire file and not rely on the documents Milligan thought relevant to provide.

Although Sheriff Rambosk justifiably pursued Dr. Osterman's records, that does not end the matter. Milligan separately argues that the copying fees sought are unreasonable. (Doc. 81 at 2.) On this point, the Court agrees.

Sheriff Rambosk was billed $1,813.50 for 279 pages of medical records, which equates to $6.50 per page. That rate is unjustifiable. In today's day and age, medical records are regularly retrieved and copied. It is an administrative task that typically requires little (if any) thoughtful effort. Tellingly, Sheriff Rambosk does not try to defend the rate he was billed. Instead, he suggests this amount is recoverable because it is what he had to pay. (Doc. 82.) But that cannot be the test. Such an approach would obviate the discretion afforded under Rule 54. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) (explaining that district courts have "[t]he discretion . . . to decline to tax, as costs, the items enumerated in § 1920"). Sheriff Rambosk may recover reasonable costs. His decision to pay an excessive amount for copying medical records does not entitle him to pass on the windfall charges to Milligan. This is especially true here, where Sheriff Rambosk could have demanded the documents directly from Milligan during discovery at far lower rate. *See* Fla. Stat. § 395.3025 (setting copying costs for paper medical records at $1.00).

Sheriff Rambosk has offered nothing to show that copying Dr. Osterman's records was an unusually complex task or required exceptional effort. (Doc. 82.) Without such evidence, the Court cannot condone a per-page

cost of $6.50. *See Dillon v. Axxsys Int'l, Inc.*, No. 8:98CV2237T23TGW, 2006 WL 3841809, at *7 (M.D. Fla. Dec. 19, 2006) ("The burden of establishing entitlement to photocopying expenses lies with the prevailing party.").

There is no standard rate for copying costs recoverable under Rule 54. But Courts to address the issue have generally approved per-copy charges well under what Sheriff Rambosk is seeking, even for medical records. *See, e.g., Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-CV-298-J-34PDB, 2014 WL 12652475, at *5 (M.D. Fla. Apr. 3, 2014) (noting that a 10¢–15¢ per page copying charge is generally reasonable); *Luna v. Walgreen Co.*, No. 07-21095-CIV, 2008 WL 11333269, at *2 (S.D. Fla. Oct. 30, 2008) (declining to award copying costs above $1.00 per page for medical records); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 652 (S.D. Fla. 2007) (taxing copying costs at 10¢ per page). Milligan does not offer a competing rate for the Court to use. He does, however, note that Florida law caps copying costs for medical providers at $1.00 per page. (Doc. 81 at 2 (citing Fla. Stat. § 395.3025).)  Although not binding in this action arising under Federal law, Florida's statutory rate seems an adequate benchmark that sufficiently reflects the administrative nature of the task. Given Milligan's apparent acquiescence to Florida's statutory scheme, the Court finds $1.00 an appropriate rate to use. Applying this figure to the medical records from Dr. Osterman, Sheriff Rambosk can recover only $279.00 of the amount sought.

Accordingly, it is respectfully recommended that:

1.     Plaintiff Matthew Milligan's Motion to Review Clerk's Bill of Costs

be **GRANTED IN PART AND DENIED IN PART**.

2.     Sheriff Rambosk is entitled to reimbursement for copying the

medical records from Dr. Osterman, but only in the reduced amount of $279.00.

3.     The Clerk enter a judgment for Sheriff Rambosk reflecting this

reduction, for a total amount of $3,260.65.

**DONE** and **ORDERED** in Fort Myers, Florida on July 5, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.